UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-62174-ROSENBERG

IVETTE PALACIOS,

    Plaintiff,
v.

ALMOD DIAMONDS,
LTD., INC.,

    Defendant.
    _____/

## ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on the Defendant's Motion to Dismiss at docket entry 10. The Motion has been fully briefed. The Motion is granted, and for reasons that will be set forth below, the Court's analysis is brief.

The Plaintiff is a former human resources employee of the Defendant. DE 1-3 at 3.[1] The Plaintiff alleges that she was terminated because she objected to illegal practices by her employer. *Id.* As a result, she has brought one claim against the Defendant under the Florida Whistleblower Act (the "FWA"). The allegedly illegal practices that the Plaintiff reported are the following:

- "Refus[ing] to participate in Defendant's sex based [sic] harassment of it's [sic] employees"
- "OSHA violations and criminal behavior of it's [sic] employees"
- personality disputes among various employees
- insubordination of certain employees
- the failure of certain employees to follow the company's reporting structure
- the failure to announce certain promotions
- the classification of certain managers as hourly employees

---

[1] For the purposes of its analysis of the Defendant's Motion to Dismiss, the Court accepts the allegations in the Plaintiff's Complaint as true.

- high employee turnover
- nepotism
- a lack of furnishings and the presence of dust in the offices after a major renovation
- the company's addition of an inadequate number of air purifiers
- having "not the best" coffee machine

*Id.* at 5, 13 (exhibits incorporated into the Complaint).

The FWA provides, in relevant part:

> An employer may not take any retaliatory personnel action against an employee because the employee has: . . . (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

Fla. Stat. § 448.102(3).  The Defendant argues that the Plaintiff's FWA claim should be dismissed for four reasons, each of which is delineated in **bold** below.

**First**, the Defendant argues that the alleged illegal activities concern laws applicable to the public at large, not the Defendant's business, and as such cannot form the basis of a FWA claim.  To support this proposition, the Defendant cites to many cases, including *Pinder v. Bahamasair Holdings, Ltd., Inc.*, 661 F. Supp. 2d 1348, 1353 (S.D. Fla. 2009) ("The last phrase of the definition of [law, rule or regulation] in [the FWA] indicates that the conduct complained of must be in violation of a law, rule or regulation that is somehow more specifically applicable to the business, as opposed to the public at large.").  Applying this case law here, the Defendant argues that laws prohibiting sexual harassment and battery are laws of general application to the public and do not concern the Defendant's specific business.  The Defendant again supports its argument with citations to many cases, including a case that dismissed a FWA claim premised

upon battery. *Ruiz v. Aerorep Grp. Corp.*, 941 So. 2d 505, 507 (Fla. Dist. Ct. App. 2006).[2]

Relatedly, the Defendant argues that although the Plaintiff alleges that she reported OSHA violations in her workplace, she cites only to OHSA's general duty clause, which requires businesses to provide "a safe environment." DE 1-3 at 4. The Plaintiff does not cite to a specific OSHA regulation that would more particularly apply to the Defendant's (jewelry manufacturing) business. As a result, the Defendant argues that the Plaintiff's alleged reporting of an OSHA violation because of "mold [and] broken AC unites [sic]" is also insufficient for a FWA claim. *Id.* Similarly, the Plaintiff's reference to her reporting of many other activities (such as nepotism and the failure to announce promotions) do not rise to the level of a violation of a law, rule, or regulation applicable to the Defendant and its business, as opposed to the public at large.

**Second**, the Defendant argues that even if the Plaintiff had premised her claim on a law specifically applicable to the Defendant's business, she still fails to state a claim because she has not pled an actual violation of the law. For this proposition, the Defendant cites to cases where courts found that a FWA claim cannot be premised upon the plaintiff's subjective belief that a violation of a law occurred, but rather the plaintiff must plead that an actual violation of the law occurred. *E.g., Kearns v. Farmer Acquisition Co.*, 157 So. 3d 458, 463 (Fla. Dist. Ct. App. 2015).[3] Applying these cases to the instant case, the Defendant argues that the Plaintiff has not alleged any facts establishing that an actual violation of the law occurred. Stated differently, the Defendant argues that the Plaintiff has failed to plead just how the Defendant's alleged conduct

---

[2] Although, as the Defendant concedes, Title VII and the Florida Civil Rights Act apply specifically to the Defendant's business, a single alleged physical altercation between two employees is not actionable. As the Defendant puts it: "two female employees fighting does not a sexually hostile work environment make." DE 10 at 6.
[3] Although there is a potential split amongst the Florida intermediate appellate courts as to whether an actual violation of law must be proven by a plaintiff, the Plaintiff did not address this issue or refute the Defendant's assertion that the applicable standard is an actual violation of the law, not a good faith belief that there has been a violation of the law. *See Kearns*, 157 So. 3d at 465.

3

violated the law. By way of example, although the Plaintiff alleges that she reported an alleged battery between two female coworkers, she does not explain how the Defendant violated the law when the two employees engaged in an altercation.

**Third**, the Defendant argues that the Plaintiff has failed to identify an activity, policy, or practice of the Defendant for which it must be held liable. The FWA states: "that an employee has protection under the Act for objecting to unlawful acts *of [their] employer*." *Sussan v. Nova Se. Univ.*, 723 So. 2d 933, 934 (Fla. Dist. Ct. App. 1999) (emphasis added). Relatedly, while an employer may be subject to liability for the actions of an employee in special circumstances (such as when the employee's actions benefited the interests of an employer), the Defendant argues that the Plaintiff fails to explain how any of the allegedly illegal activities that she reported could have been attributable to the Defendant itself.

**Fourth** and finally, the Defendant argues that the Plaintiff has failed to allege causation, citing to *Chaudhry v. Adventist Health Sys. Sunbelt*, 305 So. 3d 809 (Fla. Dist. Ct. App. 2020). In *Chaudhry*, the Florida appellate court held that a FWA plaintiff "must establish that his or her protected activity was a but-for cause of the alleged adverse action." *Id.* at 817. Applying *Chaudhry* to the instant case, the Defendant points out that the Plaintiff has pled the reporting (or as the Defendant characterizes it, the complaining) of many activities that cannot be actionable under the FWA. By way of example, the Plaintiff has pled that she reported personality disputes, high employee turnover, and not "having the best" coffee maker. If the Defendant elected to terminate the Plaintiff because of her complaints about a coffee maker, the Court fails to see how that termination would violate the law. Problematically for the Plaintiff, she alleges that she was terminated for *all* of the matters contained in her Complaint, including lawful grounds for

4

termination that are not actionable under the FWA. Thus, the Defendant argues that the Plaintiff has not pled that actionable conduct under the FWA was the but-for cause of her termination.

Juxtaposed to all of the argument and law discussed above, the Plaintiff's response to the Defendant's Motion to Dismiss is silent. The Plaintiff's memoranda of law in opposition is a single paragraph. DE 10 at 4-5. That paragraph neither refutes the Defendant's arguments nor cites to any case law in opposition to the Defendant's cases. The Court therefore grants the Defendant's Motion to Dismiss for two reasons. First, the Court grants the Motion because of the Plaintiff's failure to refute. *E.g., Carter v. BPCL Mgmt.*, No. 19-CV-60887, 2021 WL 7502562, at *1 (S.D. Fla. Sept. 22, 2021) (failure to refute opposing arguments "operates as a waiver of those arguments and is akin to a failure to respond"); *see also* Local Rule 7.1(c) (permitting a court to grant a motion by default when a respondent fails to respond). Second, the Court substantively agrees with the Defendant's arguments set forth in both the Motion and the Reply, which the Court adopts and incorporates herein. Succinctly stated, the Plaintiff has not pled a violation of law applicable to the Defendant's business, the Plaintiff has not pled that the Defendant actually violated any law,[4] the Plaintiff has not premised her claim on any specific illegal conduct of the Defendant, and the Plaintiff has not adequately pled that she was terminated because she reported actionable illegal activity. The Court's dismissal is without leave to amend because a court may deny amendment when further amendment would be futile. *E.g., Brooks v. Warden*, 800 F.3d 1295, 1300 (11th Cir. 2015). Here, the Court believes that the Plaintiff has pled her reporting of every possible activity that she can remember. Indeed, the Plaintiff has went so far as to plead that she complained of the efficiency of the office coffee

---

[4] Relatedly, the Court cannot conclude that the Plaintiff has even adequately pled a good faith belief that the Defendant violated the law.

5

machine. Additionally, the Plaintiff's Complaint suffers from multiple pleading deficiencies, and the Court is persuaded that even "a more carefully drafted complaint could not state a claim." *Id.*[5]

It is therefore **ORDERED** that the Clerk of the Court shall **CLOSE THIS CASE** and deny all pending motions **AS MOOT**. The Plaintiff's Complaint is **DISMISSED WITHOUT LEAVE TO AMEND**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 11th day of January, 2024.

Copies furnished to Counsel of Record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

[5] If the Plaintiff believes that she could, with a more carefully drafted pleading, state a claim, she may file a motion for reconsideration of this Order, provided the motion for reconsideration is filed no later than February 9, 2024. In her motion for reconsideration, however, the Plaintiff must address each of the Court's grounds for dismissal.